FILED & JUDGMENT ENTERED
Steven T. Salata

March 8 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T. Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

In re:                                )
                                      )
**LATOYA SHARMEEN TILLMAN,**          )     Chapter 13
                                      )     Case No. 17-30037
              Debtor.                 )
_____)

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** is before the court on the Motion to Dismiss ("Motion") filed by the Bankruptcy Administrator on January 24, 2017. The court held a hearing on the Motion on February 28, 2017, and an attorney for the Bankruptcy Administrator appeared at the hearing. The pro se Debtor did not appear at the hearing.

The Motion notes that the Debtor commenced this case at 3:28 p.m. on January 11, 2017, that her credit counseling certificate shows that she completed a credit counseling course later the same day, and that the Debtor's Official Form 101 (Voluntary Petition for Individuals Filing for Bankruptcy) says she received a credit counseling briefing during the 180 days before she commenced this case. The Bankruptcy Administrator

argues that the court should dismiss this case because the Debtor did not obtain credit counseling prior to commencing her bankruptcy case and relies on In re Arkuszewski, 550 B.R. 374 (N.D. Ill. 2015), and In re Baxter, No. 06-30452 (Bankr. W.D.N.C. May 17, 2006) (Order Denying Motion to Reconsider Order Dismissing Case), for support.

Congress added the credit counseling requirement to the Bankruptcy Code ("Code") in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). The original version of 11 U.S.C. § 109(h) added to the Code pursuant to BAPCPA required debtors to obtain credit counseling during the 180-day period *preceding* the date of filing of the petition. Baxter, slip op. at 2. Some courts concluded that the original language of § 109(h) required debtors to complete credit counseling at least one day prior to commencing a bankruptcy case. See, e.g., In re Gossett, 369 B.R. 361, 370—71 (Bankr. N.D. Ill. 2007). In 2010, Congress amended § 109(h) to instead require debtors to complete their credit counseling classes "during the 180-day period *ending on* the date of filing of the petition." § 109(h) (emphasis added); Arkuszewski, 550 B.R. at 376, 381.

The plain language of the current version of § 109(h) unambiguously allows a debtor to satisfy the credit counseling requirement on the same day that his case commences, even if the debtor does not take a class until after he files his petition.

2

In re Walker, 502 B.R. 324, 328 (Bankr. N.D. Ill. 2013).  The court must presume that words in a statute have their normal meanings unless Congress provided definitions in the statute, id. at 327 (quoting Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 388 (1993)), neither the Code nor § 109 contains a definition for "date," and "date" means "[t]he day when an event happened or will happen," BLACK'S LAW DICTIONARY 452 (9th ed. 2009), or "[t]ime stated in terms of the day, month, and year," AMERICAN HERITAGE DICTIONARY 367 (2d college ed. 1982).  Since "date of filing" in § 109(h) refers to an entire day and not to a particular point in time during the day, debtors that obtain credit counseling at any point during the same day that they file their petitions are in compliance with the plain language of the statute.  While Congress may well have intended to require credit counseling to be completed pre-petition in most instances, see Walker, 502 B.R. at 328—29 (discussing BAPCPA legislative history), 330—31 (noting that § 109(h)(3) allows post-petition credit counseling in certain situations), if the statutory language is unambiguous and not absurd, the court should enforce the statute and should not undertake any further inquiry, Sebelius v. Cloer, 133 S. Ct. 1886, 1896 (2013) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000)).

The Bankruptcy Administrator's argument and cited authorities do not persuade the court to question the plain

3

language of the statute.  The court decided Baxter prior to the 2010 amendment that changed "preceding" to "ending on," so it could not have decided what Congress meant by "ending on the date of filing."  The language on Official Form 101 is more consistent with the previous version of § 109(h) than the current version, but that is a problem with the form since forms cannot alter or contradict statutes.  See Schwab v. Reilly, 560 U.S. 770, 779 n.5 (2010) ("The forms . . . must be read in light of the Bankruptcy Code provisions that govern this case, and must yield to those provisions in the event of conflict."). Arkuszewski embarks on a lengthy plain meaning and grammatical examination and concludes that "while 'date' usually refers to a twenty-four hour period, [in § 109(h)] it has the alternative meaning of a specific moment in time—i.e. the filing of the petition."  Arkuszewski, 550 B.R. at 380.  The court declines to join Arkuszewski in concluding that Congress created a new meaning for the word "date" in § 109(h) without more explicit guidance in the statute, especially when Congress could have used more precise language as it did in other parts of the Code, Walker, 502 B.R. at 331—32.[1]

The plain language of the Bankruptcy Code requires debtors to obtain credit counseling during the 180 days ending on the day that they file their petitions, and the Debtor did so in this case.  Even if the court's analysis of the statutory

---

[1] The court adopts the reasoning of Walker in lieu of a more thorough explanation of its conclusion.

4

language at issue is incorrect, the Debtor has substantially complied with the credit counseling requirement. Accordingly, the Motion is hereby **DENIED**.

    **SO ORDERED.**

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court